## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN CHRISTENSEN,**
**Claimant Below, Petitioner**

**vs.)**   **No. 15-0046** (BOR Appeal No. 2049590)
                    (Claim No. 2013005932)

**IVS HYDRO, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven Christensen, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. IVS Hydro, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 19, 2014, in which the Board affirmed a June 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's July 25, 2013, decision which granted Mr. Christensen temporary total disability benefits from July 11, 2013, to August 6, 2013. The Office of Judges also granted Mr. Christensen benefits from August 18, 2012, to August 23, 2012, as well as from October 8, 2012, to October 22, 2012. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Christensen worked as a vacuum and water blaster technician for IVS Hydro, Inc. On August 7, 2012, he developed pain in his left elbow following a multiple-day period of manipulating a pressurized hose to clean out a sewer line. Two weeks later, Mr. Christensen was treated at Charleston Area Medical Center for pain in his left elbow. Gregory D. Kelly, D.O., noted that Mr. Christensen's pain was caused by using a high pressure hose at work. He

1

diagnosed Mr. Christensen with lateral epicondylitis of the left elbow and told him to remain off work for a few days. Mr. Christensen submitted an application for workers' compensation benefits on August 18, 2012. The physician's section of the report was filled out by Dr. Kelly who listed Mr. Christensen's condition as acute lateral epicondylitis of the left elbow. Dr. Kelly also stated that Mr. Christensen should remain off work until August 23, 2012. Mr. Christensen was also treated by Chris Santangelo, PA-C., who found that he had trouble lifting any object because of the pain in his left elbow. He also recommended that Mr. Christensen receive physical therapy for his elbow. Mr. Christensen continued to receive treatment for his injury at Charleston Area Medical Center, and on September 10, 2012, it was recommended that he be restricted to working light duty or that he remain off work for a few days. Mr. Christensen rejected this recommendation. However, a month later, on October 8, 2012, he was treated by Mr. Santangelo, and he excused Mr. Christensen from work until October 23, 2012.

The claims administrator initially rejected Mr. Christensen's application for workers' compensation benefits, but this decision was reversed by the Office of Judges who held the claim compensable for lateral epicondylitis of the left elbow. Following this Order, Mr. Christensen requested temporary total disability benefits from the date of the injury until July 19, 2013, alleging that he had been unable to work following the injury. In support of his request, Mr. Christensen submitted a work status report from Jack R. Steel, M.D., who found that he was unable to work due to his compensable injury but could return to work on October 3, 2013. On July 25, 2013, the claims administrator granted Mr. Christensen temporary total disability benefits from July 11, 2013, to August 6, 2013. The claims administrator, however, stated that further benefits would be paid if Mr. Christensen submitted sufficient medical evidence certifying the additional period of disability.[1]

At the end of this period, Paul Bachwitt, M.D., examined Mr. Christensen and determined that he had not reached his maximum degree of medical improvement. The claims administrator then granted Mr. Christensen authorization for four weeks of work hardening and conditioning. Following this treatment, Dr. Steel also examined Mr. Christensen and determined that he would be able to return to light duty work on February 27, 2014, and full duty work on February 28, 2014. Mr. Christensen then testified by deposition that he had been unable to work since August 18, 2012, when he first received treatment for his injury at Charleston Area Medical Center. He testified that IVS Hydro, Inc., did not pay him any temporary total disability benefits until July 11, 2013. On June 27, 2014, the Office of Judges modified the claims administrator's July 25, 2013, decision and granted Mr. Christensen additional temporary total disability benefits from August 18, 2012, to August 23, 2012, and from October 8, 2012, through October 22, 2012. The Board of Review affirmed the Order of the Office of Judges on December 19, 2014, and Mr. Christensen appealed its decision.

The Office of Judges concluded that Mr. Christensen was also temporarily and totally disabled from August 18, 2012, to August 23, 2012, and from October 8, 2012, through October 22, 2012. The Office of Judges based this conclusion on the medical evidence in the record. It

---

[1] The record demonstrates that since issuing its July 25, 2013, decision the claims administrator paid Mr. Christensen temporary total disability benefits from July 11, 2013, to May 16, 2014.

found that Dr. Kelly's statement in Mr. Christensen's application for workers' compensation benefits showed that he was unable to work from August 18, 2012, through August 23, 2012. The Office of Judges also found that Mr. Santangelo's treatment notes were sufficient to show that Mr. Christensen was temporarily and totally disabled from October 8, 2012, through October 22, 2012. It noted that Mr. Christensen alleged in his deposition that he had been unable to work since he first sought treatment for his injury on August 18, 2012, but the Office of Judges found that this allegation was contradicted by the medical evidence in the record including treatment notes from Charleston Area Medical Center reflecting that Mr. Christensen had refused to accept a work excuse. The Office of Judges found that August 18, 2012, to August 23, 2012, and October 8, 2012, through October 22, 2012, were the only periods where the medical evidence in the record supported granting Mr. Christensen additional temporary total disability benefits. Based on this conclusion, the Office of Judges modified the claims administrator's decision and granted Mr. Christensen temporary total disability benefits from August 18, 2012, to August 23, 2012, and from October 8, 2012, through October 22, 2012, in addition to the benefits the claims administrator had granted him from July 11, 2013, to August 6, 2013. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Christensen argues that he is entitled to temporary total disability benefits from October 22, 2012, to July 11, 2013, in addition to the period of benefits that the claims administrator and Office of Judges have already granted him.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Christensen has not demonstrated that he is entitled to additional temporary total disability benefits beyond the period that was provided by the Office of Judges' Order and the claims administrator's decision. Mr. Christensen has submitted sufficient evidence, especially considering the treatment notes of Dr. Kelly and Mr. Santangelo, that he was entitled to temporary total disability from August 18, 2012, to August 23, 2012, and from October 8, 2012, through October 22, 2012, in addition to the benefits granted by the claims administrator's decision. Although Mr. Christensen testified in his deposition that he was unable to work since he first received treatment following the compensable injury on August 18, 2012, this allegation is not supported by the medical evidence in the record. Dr. Kelly indicated on Mr. Christensen's application for workers' compensation benefits that he would be able to return to work on August 23, 2012. Mr. Christensen subsequently received treatment from Mr. Santangelo, who recommended that he remain off work starting on October 8, 2012. However, Mr. Santangelo stated that Mr. Christensen could return to work on October 23, 2012. There is insufficient medical evidence in the record indicating that Mr. Christensen was temporarily and totally disabled between when Mr. Santangelo released him to return to work on October 23, 2012, and the claims administrator granted him temporary total disability benefits starting on July 11, 2013. The Office of Judges was within its discretion in granting Mr. Christensen additional temporary total disability benefits for no longer than the periods of August 18, 2012, to August 23, 2012, and October 8, 2012, through October 22, 2012.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

3

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4